**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-22137-ALTMAN**

**DAYLON MORALES LEIVA**,

*Petitioner*,

*v.*

**WARDEN FDC MIAMI**, *et al.*,

*Respondents.*
_________________________________/

**ORDER**

Our Petitioner—Daylon Morales Leiva—"is a native and citizen of Cuba" who "last entered the United States on or about October 25, 2022." Response to Order to Show Cause (the "Response") [ECF No. 13] at 2. He "was charged under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act . . . as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Ibid.* "On November 4, 2024, an Immigration Judge issued an order of removal in absentia for [the] Petitioner's failure to appear at a scheduled master calendar hearing." *Ibid.* "On August 4, 2025, the Immigration Judge granted [the] Petitioner's Motion to Reopen[.]" *Ibid.* "On December 23, 2025, [the] [P]etitioner was arrested and charged in Lee County, Florida[,] on charges of domestic violence," and then "detained" by the Respondents on "March 5, 2026." *Ibid.* "On October 7, 2025, [the] Petitioner filed an application for relief with the Executive Office for Immigration Review[.]" *Ibid.*

Our Petitioner alleges two counts in his Amended Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 9]. Count I asserts that he is being detained pursuant to 8 U.S.C. § 1226(a) but that the Respondents have misclassified his detention as arising under 8 U.S.C. § 1225(b). As a result, he contends, the Respondents must either "conduct a custody redetermination or release [him] from

custody." Petition at 22. Count II brings a due-process claim and argues that the "Immigration Judge's decision to deny bond based on lack of jurisdiction is depriving [the] Petitioner of his freedom and subjecting him to custody in violation of the Fifth Amendment of the United States Constitution." *Ibid.*

The Respondents concede that the Eleventh Circuit's "binding" decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026), "governs the issue presented in this case." Response at 4. Still, they ask that we "dismiss the petition for writ of habeas corpus as [the] Petitioner has failed to exhaust administrative remedies." *Id.* at 3. Specifically, the Respondents maintain that the Petitioner "has not pursued administrative relief available to him by requesting a bond hearing in Immigration Court and instead seeks relief in the first instance from this Court." *Id.* at 4; *see also ibid.* ("Petitioner's failure is not excusable as futile.").

Our Petitioner doesn't dispute that he has failed to exhaust his administrative relief. Nor does he press a futility argument. He insists instead that "[t]he hearing that [the] Respondents attempt to force him to undergo because of the Eleventh Circuit's intervention is necessarily a post-deprivation proceeding, and it cannot retroactively cure the constitutional violation[.]" Reply in Support of Petition (the "Reply") [ECF No. 14] at 2.

The Supreme Court "has required exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Boumediene v. Bush*, 553 U.S. 723, 793 (2008); *see also Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015) ("It is no longer the law of this circuit that exhaustion of administrative remedies is a jurisdictional requirement in a § 2241 proceeding . . . . [But] [t]he exhaustion requirement is still a requirement; it's just not a jurisdictional one."). Our Petitioner doesn't argue that *Hernandez Alvarez* excused that requirement. *See* Reply at 2 (noting that *Hernandez Alvarez* made no mention of "the issue of the proper remedy for that deprivation addressed"). And so, in the absence of a futility argument, we cannot discard the administrative-exhaustion requirement.

Accordingly, we'll **DENY without prejudice** this Petition and invite the Petitioner to refile his Petition if—after exhausting the requisite administrative channels—he remains without proper relief. In the meantime, we **DIRECT** the Clerk of Court to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on September 17, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Noticing INS Attorney
Email: usafls-immigration@usdoj.gov